IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA **RECEIVED**
EASTERN DIVISION

2014 APR 30  P 12: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JANE LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:14·CV·316 |
| BLUE CROSS BLUE SHIELD OF GEORGIA d/b/a GREATER GEORGIA LIFE INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Greater Georgia Life Insurance Company ("GGL"), erroneously named in the complaint, as amended, as "Blue Cross Blue Shield of Georgia d/b/a Greater Georgia Life Insurance Company," with consent of co-defendant ESG Operations, Inc. ("ESG"), removes this case to the United States District Court for the Middle District of Alabama, Eastern Division. This Court has federal question jurisdiction because the Plaintiff seeks relief regarding the alleged denial of life insurance benefits under an employee welfare benefits plan governed by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. In support of this Notice of Removal, GGL states the following:

1.      The Defendants have been sued in a civil action filed in the Circuit Court of Lee County, Alabama, Civil Action Number CV-2013-900567. The documents attached hereto as Exhibit A constitute all of the pleadings and process and other papers, including discovery (written and verified responses and document production from the Plaintiff) served upon the Defendants in this action to date.

2.      This Notice of Removal is filed within the time limit for removal of civil actions pursuant to 28 U.S.C. § 1446. Specifically, GGL has filed this Notice of Removal within 30 days

234630.5

of receipt of a copy of an amended pleading (the Plaintiff's Second Amended Complaint) and other paper (the Plaintiff's discovery responses and document production), *see* Exhibit A, from which it was first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

3.      The Complaint, as amended, seeks relief regarding the alleged denial of life insurance benefits under the terms of a group term life, basic accidental death & dismemberment and optional group term life insurance policy (the "Group Policy") issued by Greater Georgia Life Insurance Company to Plaintiff's former employer, ESG. The Complaint, as amended, alleges that the Plaintiff and her husband, Jarrett Walker, were covered under the Policy by virtue of the Plaintiff's employment at ESG through 2007, and the Plaintiff's continued payment of premiums on the Group Policy through February 2013. Relying on various theories of liability, the Plaintiff alleges that the Defendants improperly denied her life insurance benefits owed under the Group Policy after the death of her husband on May 18, 2013, which resulted in damages to the Plaintiff.[1]

4.      ESG is the former employer of the Plaintiff and is an entity engaged in commerce or is in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1003(a)(1). *See Second Amended Complaint*, ¶¶ 2-3 (alleging that ESG is a Georgia based corporation and provides services to the City of Opelika and was the Plaintiff's former employer). ESG established, maintained, and provided group life insurance benefits to/for its "eligible employees" and their "eligible dependents" through the Group Policy. *See Second Amended Complaint*, ¶¶ 3-5; *see* Group Policy, at pp. 4-7, 9, 12. ESG contributed all or part of the cost of the benefits provided to its eligible employees and their eligible dependents that participated in

---

[1] A true and correct copy of the Certificate of Insurance for the Group Policy is included in Exhibit A.

coverage under the Group Policy. *See* Group Policy, at pp. 12-14. The provision of benefits by ESG to its employees in this manner constituted the establishment and/or maintenance of an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) of ERISA. *Kemp v. Int'l Business Machines Corp.,* 109 F.3d 708 (11th Cir. 1997).

5.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because this case meets the two tests for complete preemption used currently in the Eleventh Circuit. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) (followed in *Ehlan Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011), and *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). Under *Davila*, where an individual brings suit for a denial of coverage under an ERISA plan, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent or ERISA or of the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). *Davila, supra,* at 210. As the Eleventh Circuit pointed out in *Connecticut State Dental Ass'n. v. Anthem Health Plans, Inc.*, 591 F.3d. 1337, 1345, the *Davila* test thus requires two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a) [29 U.S.C. § 1132(a)]; and (2) whether no other legal duty supports the plaintiff's claim. The *Davila* test is satisfied because Plaintiff's claims could have brought under ERISA since she seeks to recover life insurance benefits under a group policy that is governed by ERISA. Her claims do not rest on an independent duty because her claims arise solely under the ERISA plan. In other words, liability can only exist here because of the administration of an ERISA-governed plan.

6.      Under *Butero,* 174 F.3d at 1212-13, complete preemption, and therefore removal jurisdiction, exists when (1) a relevant ERISA plan exists, (2) plaintiff has standing to sue under

that plan, (3) the defendant is an ERISA entity, and (4) the complaint seeks compensatory relief akin to that available under 29 U.S.C. § 1132(a). All of the *Butero* elements for complete preemption are satisfied in this case. First, by providing group life insurance benefits to its employees for their benefit and the benefit of their dependents, and by funding those group life insurance benefits, ESG established and maintained an ERISA-governed group life insurance benefits plan. Second, the Plaintiff was a participant in the plan and her late-husband was a beneficiary; therefore, the Plaintiff possesses the requisite ERISA standing to sue under ERISA's civil enforcement provisions. 29 U.S.C. § 1132(a)(1) (civil actions under ERISA may be brought by a "participant" or "beneficiary"). Third, GGL is an ERISA entity. GGL both insured and administered claims under the Group Policy, thus exercising discretionary authority and control over the payment of benefits. *See Butero*, 174 F.3d at 1213 (concluding that life insurance company that controlled the payment of benefits and the determination of rights under the life insurance plan was and ERISA entity). Finally, the Complaint, as amended, seeks the payment of benefits under the plan, *i.e.*, the Group Policy (*Second Amended Complaint*, at ¶ 16) -- relief that is available under ERISA. 29 U.S.C. § 1132(a).[2]

7.     The Plaintiff's claims all relate to the administration of an ERISA-governed employee welfare benefit plan within the meaning of 29 U.S.C. § 1144(a) and fall within ERISA's civil enforcement mechanism, 29 U.S.C. § 1132(a)(1)(B). *Engelhardt v. Paul Revere Ins. Co.*, 139 F.3d 1346, 1354 (11th Cir. 1998).

---

[2] At least one court in the Eleventh Circuit has noted that the first step of the two step inquiry under the *Davila* test necessarily encompasses the first four *Butero* requirements. *Dye v. Hartford Life & Accident Co.*, 201 4 E.S. Dist. LEXIS 47974 at *8-10 (N.D. Ga. April 8, 2014).

8.     This Court has original federal question jurisdiction over the claims asserted against the Defendants pursuant to 28 U.S.C. § 1331 and concurrent jurisdiction under 29 U.S.C. § 1132(e)(1).

9.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because the claims against the Defendants fall within the exclusive federal remedies available to participants and beneficiaries of ERISA plans and, therefore, are completely preempted. *See* 29 U.S.C. §§ 1132(a) and 1144(a).

10.     A true and correct copy of this Notice of Removal has been provided to the Plaintiff, by and through her counsel of record, as required by 28 U.S.C. § 1446(d).

11.     A true and correct copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of Lee County, Alabama, as required by 28 U.S.C. § 1446(d).

12.     ESG, the only other named and served co-defendant, has consented to this removal. 28 U.S.C. § 1446. A copy of its consent is attached hereto as <u>Exhibit B</u>.

Respectfully submitted this the 30th day of April, 2014.

One of the Attorneys for Defendant,
Greater Georgia Life Insurance Company

**OF COUNSEL:**

Louis M. Calligas (ASB-4907-O73C)
lcalligas@balch.com
John W. Naramore (ASB-6120-S01H)
jnaramore@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

Cavender C. Kimble (ASB-3284-E63C)
ckimble@balch.com
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
Telephone: (205) 226-3437
Facsimile: (205) 488-5860

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following on this the 30th day of April, 2014:

Christopher E. Sanspree
603 Martha Street
Montgomery, Alabama 36104

Will O. Walton, III
Walton Law Firm, P.C.
1710 Catherine Court, Suite B
Auburn, Alabama 36830

Stanley Allen Martin, Jr.
MARTIN LAW, LLC
P.O. Box 2526
Opelika, AL 36803-2526

Of Counsel